**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

THIERNO KANOUTE,
A-088-976-575,

                Petitioner,

     v.

GOLDEN STATE ANNEX DETENTION
FACILITY, et. al.,

                Respondents.

No.  1:25-CV-01694-TLN-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding with counsel, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pending before the Court is Respondents' motion to dismiss, ECF No. 19, Petitioner filed a reply, ECF No. 20.

'

**I. BACKGROUND**

Petitioner contends he was born in Mali, and he is seeking asylum in the United States because his "life will be in great danger if [Petitioner] return[s] to [his] home country." ECF No. 1, pg. 2. Petitioner argues his detention violates due process pursuant to the Supreme Court holding in <u>Zadvydas</u> because there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future. <u>See</u> <u>id.</u> at 13. Further, Petitioner asserts the current

1

procedure for removal to third countries violates the Fifth Amendment, Immigration and Nationality Act (INA), and Convention Against Torture (CAT). Id. at 14. Petitioner contends that prior to removal to a third country, "Petitioner must be provided with constitutionally and statutorily compliant notice and an opportunity to respond and contest that removal if it gives rise to a fear of persecution or torture in that country . . ." Id. at 15. Finally, Petitioner alleges that third country removal for a punitive purpose violates the Fifth and Eighth Amendments. Id. Petitioner seeks immediate release, that Respondent be ordered to provide Petitioner notice and opportunity to respond prior to third country removal and prevented from removing petitioner to a third country for a punitive purpose. See id. at 19.

In their motion to dismiss, Respondents provide the following background on Petitioner's history in the United States:

> Petitioner is a native and citizen of Mali who first entered the United States in 2013 on a B2 visa. See I-213, Ex. 1, at 2. In 2017, U.S. Citizenship and Immigration Service (USCIS) approved Petitioner's application for a Special Immigrant visa. Id.
> On May 21, 2022, Petitioner was convicted of Aggravated Assault on a Law Enforcement Officer and Resisting/Eluding/Threatening Force Against a Law Enforcement Officer in a New Jersey court. Id. Petitioner was sentenced to 90 days in jail and three years of probation as a result of this conviction. Id. at 4. On July 22, 2022, the same court convicted Petitioner of Second Degree Hindering and Hiding Evidence, for which Petitioner was again sentenced to 90 days in jail.
> On March 4, 2025, Customs and Border Patrol (CBP) encountered Petitioner while he was entering the United States at JFK International Airport in New York City. Petitioner was detained due to an active arrest warrant out of New York and turned over to the NYPD. Id. at 2. The same day, Petitioner was charged with Murder, Second Degree Criminal Possession of a Weapon: Loaded Firearm, and Fourth Degree Criminal Possession of a Weapon: Firearm/Weapon. Id. at 3. These charges are still pending. Id.
> A Notice to Appear (NTA) was issued for Petitioner on August 13, 2025. See Ex. 4, at 3. Petitioner was taken into immigration custody from Bergen County Jail, in Hackensack, New Jersey, on August 13, 2025. Id. at 2. Petitioner has been in immigration custody for just over six months.

ECF No. 19, pg. 2.

Respondents argue that Petitioner is not subject to third country removal because the "record does not contain an indication that Petitioner is likely to be removed to any country other than Mali." Id. at 2. Next, Respondents contend that, due to Petitioner's 2022 criminal conviction and 2025 murder charges, Petitioner is detained pursuant to 8 U.S.C. § 1226(c), and therefore subject to mandatory detention. See id. at 3-4. According to Respondents, Petitioner is

2

detained for the purpose of effectuating removal proceedings and "preventing him from committing further offenses." Id. at 4. Finally, Respondents assert that Petitioner is not entitled to relief under Zadvydas because he has failed to meet the burden to "provid[e] 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Id. at 4 (quoting Zadvydas v. Davis, 533 U.S. 678, 701 (2001)).

In Petitioner's traverse, Petitioner contends his detention violates his due process rights because the duration "has far exceeded the 'brief' period described in Demore. Removal proceedings remain pending, and there is no foreseeable conclusion date." ECF No. 20, pg. 2. Petitioner asserts that Respondents' reliance on Demore "is misplaced" because that case addressed shorter detention periods. Id. Additionally, Petitioner argues reliance on Zadvydas is similarly "misplaced," because Petitioner is detained pursuant to § 1226(c), and Zadvydas instead addresses detention under § 1231. See id. Finally, Petitioner asserts that due process entitles him to an individualized bond hearing, which he has been denied. Petitioner argues release the appropriate remedy because "habeas relief must be meaningful." Id. at 3. In the alternative, "Petitioner requests that the Court order a bond hearing within seven days at which the Government bears the burden of proving by clear and convincing evidence that continued detention is necessary." Id.

**II. DISCUSSION**

The undersigned finds that because Petitioner is subject to § 1226(c) and has not established there is no significant likelihood of removal in the reasonably foreseeable future. Thus, Petitioner's detention does not violate due process, and the undersigned will therefore recommend the petition be denied in part, as to Petitioner's prolonged detention claim. The undersigned finds that Petitioner's removal to a third country without certain procedural protections would violate Petitioner's due process rights and will therefore recommend granting the petition as to Claim Two. Based on this recommendation, the undersigned finds addressing Petitioner's third claim for relief, that third country removal violates the Fifth and Eighth Amendments, is unnecessary.

3

**A.      Detention Pursuant to § 1226(c)**

Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, governs the apprehension and detention of noncitizens whose removal proceedings are pending. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 1226(c) of the Immigration and Nationality Act mandates detention of noncitizens who have been arrested, charged, convicted, or sentenced of certain criminal offenses. 8 U.S.C. § 1226(c). In Jennings v. Rodriguez, the Supreme Court found that "together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope must continue 'pending a decision on whether the alien is to be removed from the United States.'" 583 U.S. 281, 303-04, (2018) ("By expressly stating that the covered aliens may be released 'only if' certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmation prohibition on releasing detained aliens under any other conditions."). Accordingly, the Court held that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." Id.

At the time of these findings and recommendations, Petitioner has been detained for approximately seven months due to his prior conviction and pending murder charge. Petitioner's detention is mandatory under 8 U.S.C. § 1226(c) and there is no claim Petitioner meets any of the conditions for release pursuant to § 1226(c)(2). See 8 U.S.C. § 1226(c); Jennings. 583 U.S. at 303-04. Petitioner does not dispute the grounds for his mandatory detention; rather, he contends that his prolonged detention without a bond hearing violates his Fifth Amendment due process rights. See ECF No. 1, pg. 13.

**B.      Due Process**

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. Hernandez v. Session, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of

the United States, regardless of immigration status. Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings. Id. at 693–94.

In Zadvydas, the Supreme Court noted that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth Amendment Due Process Clause. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Accordingly, the Supreme Court held that after a presumptively reasonable six-month period of post-removal period detention,

> once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. at 701.

Though Petitioner contends that reliance on Zadvydas is misplaced because Petitioner is detained pursuant to a different statute than that addressed in Zadvydas, Petitioner's claim for relief is pursuant to Zadvydas. Thus, Petitioner's framing of his claim invokes Zadvydas and the Court finds the Supreme Court's analysis there instructive.

The undersigned finds that Petitioner has not established there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner contends his home country will not accept him and he is entitled to relief pursuant to Zadvydas because "[r]emoval proceedings remain pending, and there is no foreseeable conclusion date." ECF No. 20, pg. 2. Records provided by Respondents show Petitioner was ordered removed on August 13, 2025, with a hearing set for September 23, 2025. See ECF No. 19-4, pg. 3. The order of removal cited Petitioner's 2022 conviction as the basis for Petitioner's removal. It appears that Petitioner's hearing was rescheduled because the online Department of Justice records show Petitioner is

5

scheduled for an immigration hearing on April 9, 2026.[1] The Supreme Court explicitly declined to impose a bright-line six month rule and the undersigned Petitioner's removal proceedings are progressing such that Petitioner has not, at this time, established there is no significant likelihood of removal in the reasonably foreseeable future. The undersigned therefore finds that though Petitioner has been detained longer than six months, Petitioner's detention is not in violation of Petitioner's due process rights and will therefore recommend that the petition be denied as to this claim.

### C.    Third Country Removal

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." Trump v. J.G.G., 604 U.S. 670, 673 (2025) (citation omitted); see also Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

The Due Process Clause applies to noncitizens in the country in connection with removal proceedings, even if their presence is unlawful or temporary. See Zadvydas, 533 U.S. at 693; Andriasian v. Immigr. and Naturalization Servs., 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). This right to due process applies equally to the initial removal determination and determination of removal withholding relief to an identified third country. Johnson v. Guzman Chavez, 594 U.S. 523, 557 (2021) (Breyer, J., dissenting) ("[A]ll here agree that the aliens are legally entitled to seek [] withholding-only relief."); A.A.M., 2025 WL 3485219 at *11 ("Due process requires that Petitioner receive a full and fair hearing of his fear-based claim in front of a neutral

---

[1] The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).

adjudicator.").

Joining numerous other courts, the undersigned finds that the current policy for third-country removals is incompatible with Ninth Circuit law and violates due process because it currently provides little to no notice of the country to which a noncitizen is to be removed and no meaningful opportunity to raise a fear-based claim. See Vishal v. Chestnut, No. 1:25-CV-01469-SAB-HC, 2025 WL 3511815, at *6 (E.D. Cal. Dec. 8, 2025) (noting "[m]ultiple courts have found the government's third country removal policy violates due process and is contrary to Ninth Circuit precedent" and concurring (citing cases)); Giebashvili v. Noem, No. 25-cv-3432 BJC VET, 2026 WL 114422, at *3 (same) (collecting cases); Nguyen, 796 F. Supp. 3d at 728 ("It would be impossible to comply both with Ninth Circuit precedent and the policy." (citing Andriasian, 180 F.3d at 1041; Aden v. Nielsen, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019)); A.A.M. v. Andrews, No. 1:25-CV-01514-DC-DMC (HC), 2025 WL 3485219, at *8 (E.D. Cal. Dec. 4, 2025) ("the court finds Petitioner has a protected liberty interest in having an immigration judge review USCIS's determination on his fear-based claim regarding removal to [a third country].").

The undersigned further finds that "the risk of removal without due process itself constitutes a concrete injury," Daneshfar v. Facility Adm'r, No. C25-1708 DGE MLP, 2025 WL 4037745, at *3 (W.D. Wash. Dec. 16, 2025); Esmail v. Noem, No. 2:25-cv-8325 WLH RAO, 2025 WL 3030589, at *5 (C.D. Cal. Sept. 26, 2025), and that actual removal without notice or meaningful process is an injury that cannot be remedied once removal occurs, see Louangmilith v. Noem, 808 F. Supp. 3d 1139, 1145 (S.D. Cal. 2025) (once a noncitizen is removed without notice or opportunity to be heard "it will be too late for the individuals to meaningfully challenge the removal"). Respondents claim Petitioner is not subject to third country removal because Petitioner will be removed to his home country but do not address Petitioner's claim that his home country will not accept him. Thus, the undersigned finds that Petitioner is therefore entitled to relief on this ground and will recommend that Respondents be enjoined from removing Petitioner to a third country without first providing adequate notice and an opportunity to raise a fear of removal.

The undersigned will recommend that, if Respondents seek to remove Petitioner to a third country, Respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, be enjoined from removing Petitioner via a third-country deportation to any country, without providing him and his counsel meaningful notice and opportunity to assert a fear-based claim for relief from removal: (1) A minimum of ten (10) days to raise a fear-based claim for relief from removal to the identified country; and (2) if Petitioner does assert a fear-based claim for relief from removal, Petitioner may not be removed to the third country without first providing him a meaningful opportunity to be heard on his fear-based claim before an immigration judge in compliance with due process.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1.    It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED IN PART and DENIED IN PART;

2.    It is RECOMMENDED that it be DENIED as to Petitioner's first claim for relief, that Petitioner's detention is unlawful under Zadvydas;

3.    It is RECOMMENDED that the petition be GRANTED as to Petitioner's claim that removal to a third country without certain procedural protections would violate Petitioner's due process rights;

4.    Accordingly, it is RECOMMENED that Respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, be enjoined from removing Petitioner via a third-country deportation to any country, without providing him and his counsel meaningful notice and opportunity to assert a fear-based claim for relief from removal: A minimum of ten (10) days to raise a fear-based claim for relief from removal to the identified country; and

5.    It is RECOMMENED that if Petitioner does assert a fear-based claim for relief from removal, Petitioner may not be removed to the third country without first providing him a meaningful opportunity to be heard on his fear-based claim before an immigration judge in

compliance with due process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 31, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9