UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIERNO K., Petitioner, v. GOLDEN STATE ANNEX DETENTION FACILITY, et. al., Respondents. | No. 1:25-cv-01694-TLN-DMC<br>A # 088-976-575<br>**ORDER** |

Petitioner, an immigration detainee proceeding with counsel, brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 3, 2026, the magistrate judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within seven days. (ECF No. 21.) Petitioner filed objections past the seven-day deadline. (ECF No. 22.) Though untimely, the Court has considered the objections herein.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the

Court declines to adopt the magistrate judge's findings and recommendations.

Upon review of the case file, it appears the magistrate judge was incorrect to find Petitioner was ordered removed on August 13, 2025. (ECF No. 21 at 5 (citing ECF No. 19-4 at 3).) The magistrate judge's finding cites to the Notice to Appear included in the government's records. (*Id.*) However, the Notice to Appear only reflects the U.S. Department of Homeland Security's initiation of removal proceedings against Petitioner. (ECF No. 19-4 at 3 ("On the basis of the foregoing, it is *charged* that you are subject to removal" (emphasis added).) It is not an order by an immigration judge ordering Petitioner removed from the United States to his country of citizenship or elsewhere. The record contains no information indicating Petitioner has been ordered removed, and it appears instead that his removal proceedings are currently pending. (*See* ECF Nos. 19-1, 19-4.) Thus, while the Court does not necessarily disagree with the magistrate judge's analysis based on the facts as presented in the findings and recommendations, because that presentation contained a significant error, the analysis that followed invoking a post-removal period framework no longer stands correct. The Court otherwise adopts and incorporates the background section of the findings and recommendation. (ECF No. 21 at 1–3.) The Court now turns to the merits of Petitioner's habeas petition.

## I. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II. ANALYSIS

Petitioner claims his detention without a bond hearing under 8 U.S.C. § 1226(c) ("§ 1226(c)") has become unconstitutionally prolonged. (ECF No. 20 at 1–2.) Petitioner argues his detention since August 13, 2025, has far exceeded the period contemplated in *Demore v. Kim*, 538 U.S. 510 (2003), removal proceedings remain pending, and there is no foreseeable conclusion date. (*Id.*) Respondents argue Petitioner is properly detained under § 1226(c), and mandatory detention under the statue is facially constitutional. (ECF No. 19 at 3–5.) Respondents argue Petitioner's contention that he will not be removed in the foreseeable future is premised on the incorrect notion that he is subject to third-country removal. (*Id.* at 5.)

As this Court and other across the Circuit have held, prolonged detention without a bond hearing under 8 U.S.C. § 1226(c) may violate due process as applied, even for noncitizens with severe convictions. *See Marco Antonio B.R. v. Warden*, No. 1:26-CV-00810-TLN-CSK, 2026 WL 1091489, at *3 (E.D. Cal. Apr. 22, 2026); *see also Yang v. Chestnut*, No. 1:26-CV-01902-DJC-EFB, 2026 WL 915018, at *2 (E.D. Cal. Apr. 3, 2026) (collecting cases). To determine whether Petitioner's due process rights have been violated, the Court considers two questions: whether there exists a protected liberty interest under the Due Process Clause, and what procedures are necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. <u>Liberty Interest</u>

The Court finds Petitioner has a protectable liberty interest. Petitioner entered the United States lawfully on August 7, 2013. (ECF No. 19-1 at 2.) In 2017, U.S. Citizenship and Immigration Services ("USCIS") approved Petitioner's application for a Special Immigrant visa. (*Id.*) In 2018, USCIS approved Petitioner's application for lawful permanent resident ("LPR") status. (*Id.*) Based on this series of events, the Court finds Petitioner gained an interest in remaining at liberty pending resolution of his immigration proceedings when the government granted him entry, and that interest was strengthened over time. *See Bui v. Warden*, No. 1:26-

CV-3993-DC-JDP, 2026 WL 1999113, at *2 (E.D. Cal. July 10, 2026) (noting "an LPR has a protected liberty interest in not being detained by ICE" and collecting cases).

Although Petitioner's liberty interest may have been diminished by his criminal convictions in 2022 and additional charges in 2025, he nonetheless maintains an interest in his liberty protected by the Due Process Clause. *See Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG, 2025 WL 2381464, at *5 (E.D. Cal. Aug. 15, 2025) ("Even when a statute authorizes detention without a hearing, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute.") (citing *Morrissey*, 408 U.S. at 482; *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Young v. Harper*, 520 U.S. 143, 147–49 (1997)); *see also Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause").

B. Process Required

To determine whether Petitioner's detention without a bond hearing under § 1226(c) has become unconstitutionally prolonged, the Court applies the test set forth in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).[1] Under *Lopez*, the Court considers three factors: "[1] the total length of detention to date, [2] the likely duration of future detention, and [3] the delays in the removal proceedings caused by the petitioner and the government." 631 F. Supp. 3d at 879.

The first factor favors Petitioner. He has now been detained without a bond hearing for approximately eleven months. (ECF No. 22 at 2.) Court have routinely found detentions without bond hearings for similar lengths of time to be unreasonable. *See Yang v. Chestnut*, No. 1:26-CV-01902-DJC-EFB, 2026 WL 915018, at *3 (E.D. Cal. Apr. 3, 2026) (finding detention over eleven months unreasonable and collecting cases); *Rash v. LaRose*, 823 F. Supp. 3d 1174, 1181 (S.D. Cal. 2026) (finding detention over fourteen months unreasonable and collecting cases).

---

[1] In other due process challenges to civil immigration detention, this Court has found the appropriate test to be the one set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See, e.g.*, *Daniel P.V. v. Warden*, California City Corr. Ctr., No. 2:26-CV-01372-TLN-CKD, 2026 WL 1846736, at *4 (E.D. Cal. June 26, 2026). However, as the instant case specifically challenges Petitioner's detention under § 1226(c) without a bond hearing as being unreasonably prolonged, the Court finds the analysis from *Lopez*, 631 F. Supp. 3d at 878, to be more appropriate here.

The second factor also favors Petitioner. The likely duration of future detention is unclear but could plausibly extend for several years. Petitioner's removal proceedings are currently pending, and even if Petitioner is ultimately ordered removed, he could face several more months or even years of detention during adjudication of appeals to the Board of Immigration Appeals and the Ninth Circuit. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019) (noting the appeal process for an immigration judge's removal order "may take up to two years or longer.").

Finally, the third factor is neutral as the record is devoid of information about Petitioner's ongoing removal proceedings. (*See generally* ECF Nos. 19-1–19-6.) Apart from the Notice to Appear initiating removal proceedings against Petitioner on August 13, 2025, neither party has provided an update on the status of Petitioner's immigration case since then.

In consideration of the *Lopez* factors, the Court finds Petitioner's continued detention has become unreasonable. Due process requires that Petitioner be provided a bond hearing.[2]

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Court DECLINES to adopt the findings and recommendations filed April 3, 2026 (ECF No. 21).

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents are ENJOINED and RESTRAINED from continuing to detain Petitioner Thierno K. (A # 088-976-575) for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral factfinder at which the government bears the burden to justify Petitioner's ongoing detention through a showing by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. The factfinder must consider Petitioner's financial circumstances for

---

[2] Although the magistrate judge granted Petitioner's habeas petition in part as to his third-country removal claim (ECF No. 21 at 6–8), the Court declines to consider the claim as this time. As the Court finds habeas relief is warranted based on Petitioner's prolonged detention claim, consideration of Petitioner's additional claims is not necessary. Further, since Petitioner has not been ordered removed, any claim as to the possibility of removal to a third country is not yet ripe.

bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

4. Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** with this Court's Order confirming that the hearing occurred, the date of the hearing, the outcome of the hearing, and Petitioner's custody status.

5. If Petitioner is released, Respondents are further ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government bears the burden to show by clear and convincing evidence that material changed circumstances demonstrate: (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE